Brewster, J.
(dissenting). The statute (Tax Law, § 351-e) directs an exclusion from the tax base of a gain derived by the taxpayer from any sale of property not connected with a trade or business carried on by him for profit. Here the gainful sale itself was not so connected but its subject matter, the property sold, priorly had been, in the sense of its having been its capital assets, personally owned by petitioner.
*386 Does the stated nonconnection refer only to the sale, or both it and its subject, or only to the latter? Literally, it may be read in all three ways. The language of the statute (L. 1933, ch. 228) which preceded the present one, was more clear. . There both the character of the property sold as related to the taxpayer’s business (not dealt in by him as a business), and the nature of the sale (not connected with the business in which he was engaged) — both these features were stated in definition of the source of the profit within the exclusion. The history and context of the emergency tax enactments make it evident that, in fixing its base, capital gains and losses were intended to be excluded. I see nothing to indicate that any radical change was intended in the 1934 re-enactment (Tax Law, § 351-e; L. 1934, ch. 899). I think the new phraseology was merely intended to encompass and combine the features marked by the earlier enactment. The.sale itself as well as its subject matter must qualify as being unconnected with the taxpayer’s trade or business. To me this clearly defines the sale as one outside of the routine of the taxpayer’s business and of property not usually and customarily sold in its conduct or in relation thereto as a business.
Petitioner’s outright sale of his entire newspaper plant and business was a transaction personal to him. It was a sale of capital assets which he personally owned. The sale itself was not connected with any routine of his business. Instead it ended it. He was not engaged in any business of selling newspaper plants. Bather it had been only to operate the one he disposed of. The property he sold was not “ connected ” with any trade or business which remained to be carried on. To say that a sale of property sold is connected with a business carried on by the vendor implies a continuance of business by him. Such a reference denotes either that the incident of sale is a normal activity or object of the business, or else that the thing sold is some item, part or portion of property used in or acquired for the conduct of the business. When the entirety of a business in which one is engaged forms the subject matter of a sale the property transferred cannot, logically, be related to the conduct of a trade or business which the seller no longer owns.
The determination should be reversed and the emergency tax assessments therein found cancelled.
Hill, P. J., Heffernan and Lawrence, J'J., concur with Poster, J.; Brewster, J., dissents in a memorandum.
Determination confirmed, with $25 costs to the respondent.